UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| STATE OF CALIFORNIA<br>acting by and through<br>BETTY T. YEE, STATE CONTROLLER,<br>    300 Capitol Mall #1850<br>    Sacramento California 95814<br>    (916) 445-2636<br><br>                Plaintiff,<br><br>    v.<br><br>SALLY JEWELL, Secretary of<br>the Interior, in her official capacity<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

Plaintiff, the State of California, alleges:

1. This action arises from the Department of the Interior's attempt to unilaterally change the terms of a contractual agreement between it and the Office of the California State Controller (SCO) which was entered into pursuant to The Federal Oil and GAS Royalty Management Act of 1982 (FOGRMA) (Pub. L. No. 97-451) (30 U.S.C. §§ 1701 *et seq.*).

2. This Court has jurisdiction under 28 U.S.C. §§ 1361 and 2201, this being an action for declaratory and injunctive relief ordering the Secretary of the Interior to relinquish the Department's claim for money alleged to be owed by California pursuant to Interior's unilateral modification of its agreement with California and to return the money already taken.

3. Venue is properly in this Court in that the defendant is an officer of the United States residing in this judicial district and the cause of action arose here.

Parties

4. Plaintiff Betty Yee is the Controller of the State of California. By virtue of California Government Code §12418, the Controller is responsible for the collection of all money due to California and to institute suits in its name.

5. Defendant Sally Jewell is the Secretary of the Interior of the United States and is sued in her official capacity. Pursuant to 43 U.S.C. §1457 and Reorganization Plan 3 of 1950, 64 Stat. 1262, as amended, she "is charged with the supervision of public business relating to ... [p]ublic lands, including mines."

Cause of Action

6. Since July 7, 2012, the SCO has been operating under an agreement with The Department of the Interior's Office of Natural Resources Revenue (ONRR) to perform audits and related investigations in accordance with FOGRMA on oil and gas produced from Federal lands within California. Cooperative Agreement Number D12AC70004. (Agreement) This Agreement was drafted by the Department of the Interior.

7. That Agreement provides in Section 6.5.C that "Fringe benefits shall be allowed in accordance with the State's established accounting system."

8. On July 13, 2015, the SCO received a draft Attestation Engagement Report alleging that the State Administrative Manual (SAM) formula for allocating overhead, which has been in effect in California for over 30 years, overcharged the Federal Government by $296,459.94 from

October 1, 2013 to September 30, 2014 in violation of the Agreement. This was based on the Federal Government's method of allocating fringe benefits and other overhead expenses, rather California's SAM method. Using its method, the Defendant determined that California exceeded "actual costs."

9. On July 29, 2015, Caroline Baez, Bureau Chief of SCO's Financial Audits Bureau responded on behalf of the Controller stating:

> ...We strongly disagree with the issues in the draft report. The findings are not based on the cooperative agreement between SCO and the ONRR. For over 30 years, the State has adopted the overhead and SAM factor for all its clients from public entities. In fact ONRR has accepted it thus far, yet, as stated above, wants the SCO to adopt a methodology that is counter to the cooperative agreement, and use labor hours that are not actual direct hours worked on the contract. ONRR wants to dictate and pressure the State to adopt its methodology, yet again, Section 6.5 C (page 15) states the ONRR has no contractual authority to dictate California's policies and accounting practices and control. The SCO follows the same practice with all its clients, but it appears that ONRR wants to change and dictate terms of the SCO's cooperative agreement by changing its accounting and billing practices.

10. On October 7, 2015, the Defendant Department of the Interior denied SCO's protest and issued a "final report" requiring SCO to pay back $296,459.94 in twelve equal installments of $24,705.

11. On October 29, 2015, SCO filed an appeal with Defendant on the grounds that ONRR could not unilaterally change the terms of the Agreement which specifically states that "Fringe benefits shall be allowed in accordance with the State's established accounting system."

12. On January 13, 2016, Defendant The Department of the Interior denied SCO's appeal because the SAM factor was based on the assumption that State employees worked 144 hours and some State employees worked more than 144 hours which resulted in the State receiving more than 100% of its actual costs. While Defendant pointed to the provision in the Agreement that ONRR will only reimburse "the State up to 100 percent of allowable costs," it

admitted "that there are many legitimate ways to calculate costs using different methods of accounting," but ignored the specific language of Section 6.5.C that "Fringe benefits shall be allowed in accordance with the State's established accounting system."

13. By unilaterally substituting its own method of calculating overhead in lieu of the SAM's method as required by § 6.5.C of the Agreement, Defendant breached its Agreement with the State of California.

WHEREFORE, plaintiff prays that the Court:

A. Find and Declare that the Defendant breached its Agreement with Plaintiff by unilaterally adopting and imposing a different method of accounting allowable costs rather calculating them under Plaintiff's method as specifically allowed under the Agreement.

B. Order Defendant to relinquish and abandon its $296,459.94 claim against Plaintiff and future such claims under this Agreement and repay any money withheld because of Defendant's erroneous interpretation of the Agreement.

C. Award Plaintiff its costs in this action;

D. Award such other relief as the Court deems just, necessary and proper.

Respectfully submitted,

Martin Lobel, 18960
Lobel, Novins & Lamont, LLP
1314 19th St. N.W. #300
Washington, D.C. 20036
(202) 371-6626
Lobel@LNLlaw.com

Counsel for the Plaintiff